318 P.2d 363

John HENNESSY and Sybil Hennessy, his
wife, Appellants,

v.

Port PARKER and Ella Parker, his wife,
Appellees.

No. 6300.

Supreme Court of Arizona.

Dec. 3, 1957.

Scott, Cavness & Yankee, Phoenix, for appellants.

Shute, & Elsing, Phoenix, for appellees.

WINDES, Justice.

Port Parker and his wife filed complaint against John Hennessy and his wife seeking money judgment against defendants as a result of the operation and sale of a ranch owned by the defendants. After trial before the court without a jury and judgment in favor of plaintiffs, the defendants appeal. The parties will be designated as they appeared in the trial court.

In substance the agreement so far as material between the parties was that defendants owned the ranch and were to supply the necessary funds for the performance of farm and ranch activities and plaintiffs were to operate the same until it was sold. Profits from such operation were to be divided equally. It was further agreed that if the ranch was sold, plaintiffs were to receive one-half of what was received from the sale over a figure of $150,000 after deducting expenses of sale. The ranch was sold for $187,000, $85,000 thereof in cash and the balance of $102,000 represented by trust deed securing a note payable at the rate of $20,400 per annum. The contract of sale provided, however, that if the purchaser within one year paid the balance of the purchase price, he would be allowed a $10,000 discount therefrom provided he would also pay one year's interest on the $102,000. This item of interest was $5,100. The purchaser paid the balance of the purchase price plus the $5,100 interest and secured the $10,000 discount.

From the evidence it appears the matter was presented to the trial court somewhat in the form of an accounting between the parties. Defendants presented in evidence two statements, one of profit and loss from the ranch operation and one of profit on the sale of the ranch. The former reflected a loss in excess of $6,000, one-half of which was charged to the plaintiffs. At the time of the contract between the plaintiffs and defendants and at the time of sale there existed an encumbrance on the property which in negotiating the sale had to be paid. In discharging this encumbrance there was paid to one Thomas interest in the sum of $1,913, and there was required to be paid $324.90 to the Mutual Life Insurance Company. This item was for interest not yet accrued but apparently required to be paid under the terms of the encumbering contract. At the time of the sale taxes were prorated for the current year, defendants' portion thereof being $175.82.

The court in calculating the profits from the sale of the ranch in excess of $150,000 did not allow as expenses of sale the prorated tax item of $175.82, the interest paid Thomas in the sum of $1,913 nor the interest paid the insurance company in the sum of $324.90. The court likewise added to the sale price the one year's interest in the sum of $5,100 collected on the unpaid balance of the purchase price.

Defendants question the right of the court to disallow the prorated tax item and the interest items paid to Thomas and the insurance company, claiming that they were either expenses of sale or ranch operation expenses. Since these items were presented to the court on the theory they were expenses of sale and none of them included in defendants' statement of operating expenses, we will treat the problem merely as to whether they were legitimate expenses

of the sale and should have been allowed as such.

Our view is that the tax item of $175.82 and the interest item of accrued interest paid to Thomas cannot be considered as an expense of negotiating the sale. They are obligations against the property as much as the prior encumbrance which had been paid.

The item of $324.90 which the insurance company required to be paid is in the same category as the interest paid to Thomas except that the former was prepayment of interest on the obligation and the latter was merely accrued interest. We do not think this renders it an expense of sale. It is merely an obligation resulting from the terms of the encumbering agreement and cannot be classified as an expense incurred in the negotiation of the sale to be deducted from the sale price.

Defendants contend the court should not have included the $5,100 interest item received by them from the purchaser when the full purchase price was paid. What the court did was to deduct the $10,000 discount and add the $5,100 interest received. We think this was correct. The net effect of the provision in the sales contract was to allow a discount of the difference between the $10,000 and $5,100, or $4,900. The payment and receipt of the $5,100 is a part of the consideration for the sale and should be included in the purchase price.

Judgment affirmed.

UDALL, C. J., and PHELPS, STRUCK-MEYER and JOHNSON, JJ., concur.